PER CURIAM:
Claimant brought this action for damage to his 1993 Mitsubishi G.T. which occurred when he was operating his vehicle on the Interstate 77 northbound ramp, Exit 119, near Goldtown, Jackson County, and the vehicle struck a metal plate in the road. Respondent was responsible at all times herein for the maintenance of Exit 119. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on December 29, 2000, at approximately 7:00 p.m. Claimant John Myers was driving his vehicle down the ramp at Exit 119 off of 1-77 at Goldtown. The weather was clear and cold. The road surface was in good condition. Mr. Myers was traveling between forty to fifty miles per hour on the ramp, which he testified to as a long exit ramp. Mr. Myers lives just a little over a mile from the Goldtown Exit and he was on his way home. As his vehicle reached near the half way point on the exit ramp, he felt a hard bump and heard a loud noise as he drove over a patched area in the road surface. He drove another fifty yards and turned left onto Route 21 when he realized he had a flat tire. Mr. Myers took a flashlight and examined the patched area to see what his vehicle had just struck. He testified that he observed a metal plate that had sunk down approximately two to three inches below the road surface. He stated that when he stepped on this metal plate it would give a little bit and he characterized it as spongy in nature. Mr. Myers testified that he had driven this exit ramp for at least seven years and had passed over this patched area hundreds of times safely. He described the area at issue as a patched almost perfect square like area. He also stated that it is adjacent to the white edge line, but totally within the lane of travel. As a result of this incident, claimant had to replace one wheel and tire and his vehicle had to be aligned. Mr. Myers seeks an award of $591.43. He did not have any insurance in force at the time of this incident to cover these damages.
Claimant contends that respondent knew or should have known that this metal plate and the manner in which it was covered presented a potentially hazardous condition to the traveling public.
Respondent asserts that it did not have notice of any hazard at the location at issue until after this incident. Therefore, respondent asserts it did not have a reasonable amount of time to take corrective action.
Claimant explained that it was his belief that the last time the exit ramp had been paved was in 1998 and that the contractor who did so paved around the metal plate and left itexposed. He stated that he assumed that respondent then came in and smoothed out the area. Mr. Myers testified that the location at issue has remained the same since approximately 1998 until the night at issue when the metal plate apparently sunk down a few inches from the pavement creating a large hole with a portion of protruding metal.
*178 Bruce Leedy, the Regional Engineer for respondent, is responsible for the area at issue. He testified that he was contacted by the claimant after this incident occurred. Mr. Leedy went to the scene in March 2001 to determine what the problem may have been. He stated that it was obvious to him that a hole of some sort had been patched recently and that this was probably the second or third time that it had been patched. Mr. Leedy testified that there had been some sort ofpatch there for at least two years. However, Mr. Leedy could not testify as to the condition of this location prior to March 2001.
Stanley W. King, supervisor for respondent at the Allen’s Fork Garage in Jackson County, oversees the maintenance of thirty-two miles of Interstate 77 including the area at issue with which he is familiar. Mr. King testified that an old drain had been covered with a metal plate and patched with blacktop at the location where claimant’s incident occurred and it had been in that condition for at least six years. He stated that when the old drain had stopped working, respondent had covered it with the metal plate and then blacktopped over the entire area. He was certain that there was not any metal left exposed at all. Mr. King also stated that he had not received any complaints regarding this location prior to this incident. Further, he testified that on December 29, 2001, respondent was on snow removal and ice control duty or “SRIC”. Respondent introduced into evidence a DOH-12 demonstrating that the work crew was “cold patching” holes on 1-77 and on Route 21. Mr. King stated that respondent does not record the exact location of every hole it patches during “SRIC”, but he stated that if the maintenance crew saw a metal plate exposed it would have repaired it. He also stated that normal working hours for respondent at the Allen’s Fork Garage is from 7:30 a.m. to 4:00 p.m.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Simms, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). However, respondent owes a duty to the traveling public to exercise reasonable care and diligence in the maintenance of the highways of this State. Lewis v. Dept. of Highways, Ct. Cl. 136 (1986).
In the present claim, the Courthas determined that claimant failed to produce sufficient evidence to establish that respondent had prior notice that there was a hole or protruding metal at the location of this incident. Although it is undisputed that respondent was aware that there was a drain and metal plate covered overby blacktop, respondent was not aware of any hazardous condition at this location. The evidence established that respondent was not informed of the problem until after the claimant’s incident. The Court is of the opinion that respondent was not negligent in its maintenance of the 1-77 Exit Ramp 119 at the time of claimant’s incident.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.